Filed 8/24/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID FRYM,<br><br>    Cross-complainant and Respondent,<br><br>v.<br><br>601 MAIN STREET LLC,<br><br>        Cross-defendant and Appellant.<br><br>———————————————————<br><br>DAVID FRYM,<br><br>    Cross-complainant and Respondent,<br><br>v.<br><br>REGINA C. LEONI,<br><br>    Cross-defendant and Appellant. | A163086<br><br>(Sonoma County<br>Super. Ct. No. SCV267300)<br><br><br><br>A163088 |

Cross-Defendants and appellants 601 Main Street, LLC (601 Main) and Regina C. Leoni appeal orders denying their requests for attorney fees in connection with their anti-SLAPP motions to strike the cross-complaint of cross-complainant and respondent David Frym.  (Code Civ. Proc., § 425.16.)[1]

The trial court ruled that the anti-SLAPP motions were moot following Frym's voluntary dismissal of the cross-complaint against Leoni and of the relevant causes of action against 601 Main while the motions were pending.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

Though the trial court could have still awarded attorney fees, it *sua sponte* denied Leoni and 601 Main's requests for fees on the grounds that their motions could have been brought as one with the anti-SLAPP motion filed by cross-defendant Angela DeCarli[2] and that the fees awarded to DeCarli were sufficient for all three motions. We reverse and remand to enable the trial court to make a fee determination while applying the correct legal standard as required by *Ketchum v. Moses* (2001) 24 Cal.4th 1122 (*Ketchum*).

## I. FACTS AND PROCEDURAL HISTORY

### A. Background

601 Main filed an action against Frym, its tenant, to collect $145,211.29 in unpaid rent, property taxes, and insurance premiums allegedly owed under the terms of the parties' lease. Frym filed a cross-complaint against 601 Main, DeCarli, and their attorney, Leoni, for fraud and extortion. The cross-complaint contained additional causes of action for breach of contract and common counts against 601 Main and DeCarli.

The fourth cause of action for fraud and fifth cause of action for extortion alleged that 601 Main, DeCarli, and Leoni entered Frym's office "without announcement or an appointment and placed a blank promissory note in front of [him] and berated him and yelled at him to sign a blank promissory note or he would be evicted."

### B. Anti-SLAPP Motions

On February 9, 2021, 601 Main, DeCarli, and Leoni each filed an anti-SLAPP motion to the cross-complaint. 601 Main and DeCarli's motions were prepared and filed by Leoni as their counsel of record. Leoni's motion was filed by her own attorney, Richard L. Reynolds. 601 Main and Leoni's

---

[2] DeCarli was the sole member and principal of 601 Main.

2

motions argued that the fourth and fifth causes of action should be stricken because they arose from protected activity and were based on conduct subject to the litigation privilege. DeCarli's motion made this same argument, but additionally argued that the first and second causes of action for breach of contract and third cause of action for common counts failed to state a valid claim against her since she was not the landlord and could not be held personally liable to Frym.

DeCarli's motion was calendared by the trial court to be heard on April 21, 2021. 601 Main and Leoni's motions were calendared to be heard a week after on April 28, 2021. Leoni submitted a supporting declaration to 601 Main's motion that included a request for $5,185 in attorney fees and costs. The costs included a $60 motion filing fee. The fees were comprised of 12.5 hours to prepare the motion and an anticipated 8 hours to review the opposition, prepare the reply, and prepare for and attend the hearing. The declaration stated that Leoni's "reasonable" hourly rate was $250.

Leoni submitted a near identical declaration in support of DeCarli's motion that included a request for $9,695 in attorney fees and costs. The costs included a $435 first appearance fee and a $60 motion filing fee. The fees were comprised of 25.8 hours to prepare the motion and an anticipated 11 hours to review the opposition, prepare the reply, and prepare for and attend the hearing.

In support of Leoni's own motion, her attorney submitted a declaration that included a request for $16,170 in attorney fees and costs. The costs included a $435 first appearance fee and a $60 motion filing fee. The fees were comprised of 34.4 hours to prepare the motion and an anticipated 10.3 hours to review the opposition, prepare the reply, and prepare for and attend

3

the hearing. Leoni's attorney included that his hourly rate was $350 based on his 42 years of experience in litigation.

Frym filed separate oppositions to the three motions. Frym's oppositions did not argue that the attorney fees requested by 601 Main, DeCarli, or Leoni were unreasonable or duplicative. 601 Main and Leoni filed their reply briefs on April 20, 2021.

C. The Trial Court's Rulings

The court issued a lengthy tentative ruling that granted DeCarli's motion and awarded $6,310 in attorney fees and costs to DeCarli.[3] On April 21, 2021, the court heard oral arguments from counsel[4] and took DeCarli's motion under submission. On this same day, Frym dismissed the cross-complaint against Leoni without prejudice. The next day, Frym dismissed the fourth and fifth causes of action against 601 Main without prejudice.

While DeCarli's motion was still under submission, the court issued its tentative rulings on 601 Main and Leoni's motions. The tentative rulings stated that though the dismissals rendered rulings on the motions' merits moot, attorney fees could still be awarded to the prevailing parties. The court went onto state however, that "there is no reason that all three of these motions could not have been brought as one and, although Leoni and 601 Main have prevailed, or would have prevailed absent the intervening dismissals, no further fees are merited."

---

[3] This award was a reduction from the $9,695 requested by DeCarli, as the trial court found that 25 hours of attorney time billed at an hourly rate of $250 was "fair and reasonable under the facts of this case."

[4] On April 20, 2021, Leoni's attorney associated in as co-counsel for 601 Main and DeCarli. He appeared at the hearings on all three anti-SLAPP motions and argued on behalf of 601 Main, DeCarli, and Leoni.

4

At the contested hearing on 601 Main and Leoni's motions, Leoni's attorney argued that the three motions were justified as 601 Main, DeCarli, and Leoni each had different interests. 601 Main was the landlord, DeCarli was 601 Main's shareholder who could not be held personally responsible, and Leoni was 601 Main's attorney and not a party to the lease. The court responded that compared to DeCarli's motion, 601 Main and Leoni's motions "were basically verbatim with the names changed." The court asked, "[i]s it really 13,000 dollars more to change that name [from] one pleading to the next?" Leoni's attorney disagreed that the motions contained no other differences. Frym's attorney argued, for the first time, that he opposed the attorney fees requests.

On May 25, 2021, the court adopted its tentative ruling as to DeCarli's motion, including the award of $6,310 in fees and costs, and issued its order. On June 21, 2021, the court issued orders finding 601 Main and Leoni's motions moot and denying attorney fees and costs. Although the order stated that 601 Main and Leoni would have been the prevailing parties but for the dismissals, it held that "there [was] no reason that the three motions of [DeCarli, 601 Main, and Leoni] could not have been brought as one motion, and the time spent on the DeCarli motion for which $6,310 in Attorneys Fees and Costs was awarded should have been sufficient for all three motions."

D. <u>601 Main and Leoni's Appeals</u>

601 Main and Leoni filed separate appeals. After their opening briefs were filed, Frym moved to consolidate the two appeals. Following opposition and reply to the motion, this court granted consolidation for purposes of briefing, oral argument, and decision. Frym thereafter filed one response to

the opening briefs. 601 Main and Leoni each filed their own reply brief. Frym also filed a request for judicial notice that 601 Main opposed.[5]

## II. DISCUSSION

### A. Anti-SLAPP Law and Standard of Review

The anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

A prevailing defendant on an anti-SLAPP motion "shall be entitled to recover [his or her] attorney's fees and costs." (§ 425.16, subd. (c)(1).) "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum, supra,* 24 Cal.4th at p. 1131.) Where a plaintiff dismisses an action while a motion is pending, "the trial court has discretion to determine whether defendant is the prevailing party for purposes of awarding attorney fees, based on a determination of which party realized its objectives in litigation." (*Wilkerson v. Sullivan* (2002) 99

---

[5] We deny Frym's request for judicial notice as the two matters requested are not relevant to any material issues in this appeal. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.) First, the arguments made in Frym's motion to consolidate do not go to the merits of this appeal, and we assume Frym's responding brief includes all arguments he seeks to raise. Nor is a discovery motion signed by Leoni's attorney on behalf of 601 Main relevant since this occurred well after Leoni's attorney associated in as counsel for 601 Main and a briefing of the anti-SLAPP motions was completed.

Cal.App.4th 443, 446.)[6]  An award of attorney fees "should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." (*Ketchum, supra*, 24 Cal.4th at p. 1133.)

An award of attorney fees under section 425.16 is generally reviewed for abuse of discretion. (*Ketchum, supra,* 24 Cal.4th at p. 1130.) However, the question of "whether the trial court *selected* the proper legal standards in making its fee determination is reviewed de novo [citation] and, although the trial court has broad authority in determining the amount of reasonable legal fees, the award can be reversed for an abuse of discretion when it employed the wrong legal standard in making its determination." (*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434 (*569 East County*).)

B. <u>Waiver of Opposition</u>

601 Main and Leoni first argue that Frym waived all opposition to their fee requests as he did not raise an objection to these requests in his oppositions to the anti-SLAPP motions. Although Frym raised a brief objection to the fee requests at the hearing on the motions, he did not argue that the amounts requested by 601 Main or Leoni were unreasonable or duplicative.

In general, "issues not raised in the trial court cannot be raised for the first time on appeal." (*Esparza v. KS Industries, L.P.* (2017) 13 Cal.App.5th 1228, 1237.) This stems from the basic principle that "[t]he parties must call the court's attention to issues they deem relevant." (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28.) Here, we are

---

[6] Here, the trial court in its discretion determined that 601 Main and Leoni were the prevailing parties, or at least would have been but for Frym's dismissals. Frym does not challenge this finding on appeal.

presented with a unique circumstance as the issue challenged on appeal is one that the trial court raised *sua sponte*. 601 Main and Leoni argue that had Frym objected to the reasonableness of attorney fees in his oppositions below, they would have included arguments of the lodestar method in their replies to the motions. Both sides however, had the opportunity to address the issue at the hearings on 601 Main and Leoni's motions, following the court's tentative rulings. We note that 601 Main and Leoni did not direct the trial court's attention to the lodestar analysis at the hearing, nor request additional time from the court to brief this issue.

Whether or not properly raised below, we conclude that the issue turns on a question of law as to whether the trial court employed the proper legal standard in making its fee determination. We therefore exercise our discretion and will consider the issue on appeal. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24.)

C. <u>The Trial Court Erred in Failing to Apply the Lodestar Method</u>

It is well settled that the trial courts are to use the lodestar method when determining an award of attorney fees under the anti-SLAPP statute. (*Ketchum, supra*, 24 Cal.4th at pp. 1131–1135.) This approach ensures that the trial court's analysis is objective and that the amount awarded is not arbitrary. (*Id*. at p. 1134.) Under the lodestar method, the trial court "tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321.)

The lodestar figure "may be increased or decreased depending on a variety of factors, including the contingent nature of the fee award." (*Ketchum*, *supra*, 24 Cal.4th at p. 1134.) Indeed, the trial court has

discretion to determine the amount of reasonable fees to award based on "a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.] The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (*Wilkerson v. Sullivan, supra,* 99 Cal.App.4th at p. 448.)

Here, the trial court erred in not employing the lodestar method when it denied 601 Main and Leoni's requests for attorney fees and costs. As the prevailing parties to their anti-SLAPP motions, 601 Main and Leoni were entitled to their reasonable fees and costs. (*Ketchum, supra,* 24 Cal.4th at p. 1131.) After awarding DeCarli $6,310 in fees and costs, the trial court declined to award any fees or costs to 601 Main and Leoni on the grounds that none were warranted since all three motions could have been brought as one. Though one motion could have certainly reduced the amount of attorney fees expended, we find no authority to support the trial court's position that mandatory attorney fees can be denied where multiple prevailing parties represented by different counsel and with different interests, *could* have all brought one combined motion.

Though the trial court found the three motions to be similar, it was still obligated to perform a lodestar analysis by first multiplying the attorney's reasonable hourly rate with the reasonable amount of time spent to arrive at the lodestar figure. (*Ketchum, supra,* 24 Cal.4th at pp. 1131–1132.) The trial court could have then adjusted this figure based on the various factors discussed above. Since the court found that the three motions contained similar or identical arguments, it could have reduced the lodestar figure based on duplicative work. (*Wilkerson v. Sullivan, supra,* 99 Cal.App.4th at p. 448.)

9

We note however, that although the moving papers contained sections of identical arguments, there were differences among them beyond, as the trial court put it, just changing names from one pleading to another. We also note that Leoni's attorney submitted a declaration in support of Leoni's motion that included an estimated four hours to prepare for and appear at the motion hearing. Leoni's attorney did appear and argue at the hearing, but was denied attorney fees by the trial court even for this. Although the trial court has broad discretion in awarding fees, it was improper for it to only award fees and costs to DeCarli simply because her motion was first in line to be heard and use this as a basis to deny fees and costs to 601 Main and Leoni without applying the lodestar method.

As the trial court "is in the best position to value the services rendered by the attorneys in his or her courtroom," we leave it in the trial court's discretion to determine the amount of reasonable attorney fees and costs to award to 601 Main and Leoni under the lodestar method. (*569 East County, supra*, 6 Cal.App.5th at p. 436.) Although $6,310 in fees and costs have already been awarded and paid to DeCarli , we see no reason why the trial court may not take this award into consideration in adjusting the lodestar figures for 601 Main and Leoni. Such an adjustment may be warranted if the trial court finds that some of the requested fees are based on duplicative work for which DeCarli has already been compensated.

D. <u>Attorney Fees Incurred on Appeal</u>

A prevailing defendant to an anti-SLAPP motion is entitled to reasonable fees and costs, including fees and costs incurred on appeal. (*Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 605.) This "includes attorney fees incurred to litigate the special motion to strike (the merits fees) plus the fees incurred in connection with litigating the fee

10

award itself (the fees on fees)." (*569 East County, supra*, 6 Cal.App.5th at p. 433.)

As the prevailing parties, 601 Main and Leoni are entitled to their reasonable attorney fees and costs on appeal to be determined by the trial court using the lodestar method. For the benefit of the trial court, we observe that 601 Main and Leoni initially filed separate appeals that Frym moved to consolidate after the opening briefs were filed. Following 601 Main and Leoni's opposition, we granted consolidation. Frym then filed one responding brief while 601 Main and Leoni chose to file separate reply briefs. Frym further filed a request for judicial notice that 601 Main opposed, which was denied in this opinion.

## III. DISPOSITION

The orders denying attorney fees are reversed and the matter is remanded for a determination of reasonable attorney fees and costs incurred by 601 Main and Leoni in connection with their anti-SLAPP motions and the subject appeals that is consistent with the lodestar method as outlined in *Ketchum*, *supra,* 24 Cal.4th 1122. The trial court may take into consideration the attorney fees and costs already awarded to DeCarli. In determining reasonable fees and costs on appeal, the trial court may consider the extent of the parties' briefing as well as the moving and opposing papers to Frym's motion to consolidate and his request for judicial notice.

11

_____
WISEMAN, J.*

We concur.

_____
SIMONS, Acting P.J.

_____
BURNS, J.

*Frym v. 601 Main St., LLC* / A163086, A163088

A163086, A163088 / Frym v. 601 Main St., LLC

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:        Superior Court of Sonoma County

Trial Judge:        Honorable Jennifer V. Dollard

Counsel:     Law Office of Regina C. Leoni, Regina Christina Leoni; Richard L. Reynolds, for Appellants.

Birnberg & Associates; Cory A. Birnberg, for Respondent.